IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JANET R. JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-4339-SSA-CV-C-MJW |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Janet R. James seeks judicial review,[1] of a final administrative decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on October 4, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

that supports it.  As long as substantial evidence in the record supports the
Commissioner's decision, we may not reverse it because substantial evidence exists in
the record that would have supported a contrary outcome or because we would have
decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Plaintiff appeals the decision of the Administrative Law Judge (ALJ) which determined that she was not disabled, as defined by the Social Security Act, prior to July 12, 2010, the date plaintiff turned 50 years of age.  There is no appeal of the ALJ's decision that beginning on July 12, 2010, plaintiff became disabled, pursuant to the Medical-Vocational Guidelines (Grids).  20 C.F.R. Part 404, Subpart P, Appendix 2.

Plaintiff's appeal alleges that since September 1, 2004, she has been disabled by an uncontrolled seizure disorder, headaches and depression.  In support of her claim of disability, plaintiff cites to her medical treatment by neurologist Robert Burger, M.D., who began treating plaintiff in July 2003.

The Commissioner argues that plaintiff's alleged severity and frequency of symptoms do not match with the limited medical treatment she has received over the years.  The

2

Commissioner argues that the neurologist's medical source reports (MSR's) are inconsistent with his treatment records and the limitations opined are not supported by objective medical evidence.

Upon review, this Court finds the ALJ's decision is not supported by substantial evidence on the record as a whole. In 2000, plaintiff had a brain aneurysm. Following surgery to repair the aneurysm, plaintiff began suffering seizures. The seizure disorder has been confirmed by brain EEG's. The neurologist who has been treating plaintiff for eleven years submitted several MSR's on behalf of plaintiff which state significant limitations for plaintiff. The medical records support that plaintiff has a seizure disorder resulting in disabling limitations in function.

A treating physician's opinion regarding an applicant's impairment will be granted substantial/great weight unless it is unsupported by medically acceptable clinical or diagnostic data. Perks v. Astrue, 687 F.3d 1086, 1093-94 (8th Cir. 2012). Here, the opinion of plaintiff's long-time treating neurologist is not inconsistent with the EEG tests and other objective medical evidence in the record, and should have been given substantial weight.

The ALJ's discrediting plaintiff's credibility as to the disabling effects of her seizures was error. There is substantial evidence in the record in the form of objective medical evidence and the MSR's of plaintiff's neurologist which support the severity of the limitations plaintiff alleges.

**Conclusion**

This Court finds that the ALJ's determination that the record as a whole did not support plaintiff's limitations is not supported by substantial evidence. Rather, there is substantial evidence, which includes the MSR's of plaintiff's neurologist and other objective medical evidence to support plaintiff's claim of disability beginning on September 1, 2004.

Based on the foregoing, it is,

ORDERED that the decision of the Commissioner is reversed and this case is remanded to the Commissioner with directions to compute and award benefits to plaintiff.

Dated this 15th day of November, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge